The relator claims exemption from the duty of working on the Lands-,ford road, because he was a warner of the hands op the Lanier’s ferry road. It will be perceived by the special verdict, that he was actually at work on the former road, and was summoned to work there again the next week, at the time he received his appointment of warner on the Lanier’s ferry road, and that he immediately ceased to woik — and he was fined for the whole time he did not work.
The same questions arise as in the former cases. Was the relator, by necessary implication or operation of law, exempted from the duty of working on the Landsford road, so as to exclude him altogether from the jurisdiction of the board 1 If not exempted, has the board decided against Taw, or otherwise transgressed its proper bounds! And here it will perhaps be sufficient to refer to the cases already decided, for the general .views applicable to this case. It is obvious enough, from the finding itself, that the duty required of the relator as warner on the Lanier’s ferry road, was not necessarily incompatible with the duty of working on the Landsford road, for the remainder of the time he was required to work, as well the second as the first week. Nor do I perceive any good ground for a distinction between them, as his Honor.the presiding judge has made. It does not appear when the duty as warner .was required to be performed. But did the appointment constitute a legal exemption 1 The learned judge seems to put it on the ground of established custom. The Act of '.1825 does not sq provide. The relator, at the time hq received the appoint *323 íhent, was under summons to work, and was at work, on the Landsford road ; and although a penalty is provided :of twelve dollars for refusing the appointment, yet he incurred a penalty if he refused to work — ;and for default in both cases, he was subject for trial to the jurisdiction of the same board, of which the commissioner who summoned him to work, and the commissioner who appointed him warner, were members. To that tribunal his excuse for not working, and also for not accepting the appointment of warner, had to be rendered. To it he has rendered his excuse for not working, and they have deemed it insufficient. The custom relied on, that the appointment of warner excused from working, (however a custom may affect contracts, or matters of private right between individuáis,) cannot, I app'rehend, supercede a public statute. And it was a proper subject for the consideration of the board, whether the relator had re^ ceived and accepted the appointment of warner in good faith, and under such circumstances as ought to affoid him the benefit of that custom. If it was so offered and accepted, without design to interfere with the labor already going on upon the Landsford road, it would seem to have been a reasonable excuse, and the commissioners ought to have excused him. But it cannot be said that they were legally bound to do so, or that this cóiirü will compel them. The question is not whether they have done what in reason and propriety they ought to have done, but have they done what they had á right to do ? If we should interfere in such a case, this court would erect itself into a Court of appeal and review from every inferior tribunal in tbé State — and set itself up to judge of the facts constituting the excuse, and of the sufficiency of the excuse; in every cáse of default, let the tribunal be what it may.
Motion granted, and judgment awarded in favor of the commissioners, with leave to collect the Whole of the finés.
Richardson, Evans, and Butler, JJ., concurred.